**BAKER & HOSTETLER LLP**
Torello Calvani
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiff Empire Today, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EMPIRE TODAY, LLC,** a Delaware limited liability company,<br><br>　　　　Plaintiff,<br>v.<br><br>**ASSAF BARZILAY,** a New York resident, d/b/a Empire Carpet and Flooring.<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, Empire Today, LLC ("**Empire**"), by and through its attorneys, for its Complaint against Defendant, Assaf Barzilay d/b/a Empire Carpet and Flooring alleges as follows:

**NATURE OF ACTION**

1.　This is an action for Federal Trademark Infringement, Unfair Competition, and Trademark Dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c).

**PARTIES**

2.　Plaintiff Empire is a Delaware limited liability company with its principal place of business located at 333 Northwest Avenue, Northlake, Illinois 60164.

3.　On information and belief, Defendant Assaf Barzilay, an individual, is a citizen of the State of New York with a current residence at 15323 76th Road 1, Flushing, New York 11367-3122. Upon further information and belief, Mr. Barzilay operates an unincorporated

business in the State of New York under the name Empire Carpet and Flooring ("**Empire C&F**").

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under 15 U.S.C., Chapter 22 – Trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## FACTS

### I.   Empire Trademark Ownership

5. Since long prior to the acts of Defendant complained of herein, Empire has been engaged in the business of, *inter alia*, the sales and marketing of carpet and hard surfaces flooring to the general public throughout the United States (the "**Flooring Services**").

6. Since at least the early 1960s, Empire has provided its Flooring Services to the public under the Empire name and one or more trademarks comprising the term "EMPIRE" (collectively, the "**EMPIRE Marks**").

7. Empire displays and uses the EMPIRE Marks in advertising and promotional materials for Empire's Flooring Services in interstate commerce, including without limitation, on television, radio commercials, and print and online advertisements.  Further, Empire is the owner and operator of several Internet websites, including those available at URLs http://www.empirecarpet.com and http://www.empiretoday.com, which are used to advertise and promote Empire's Flooring Services.

8. Since long prior to the acts of Defendant, the EMPIRE Marks have been extremely well known among consumers throughout the United States.

9. Empire has spent millions of dollars annually to advertise and promote its Flooring Services under the EMPIRE Marks and Empire has generated millions of dollars in annual sales for providing the Flooring Services under the EMPIRE Marks.

10.     As a result of Empire' extensive use, advertising, and promotion of the EMPIRE Marks, said EMPIRE Marks have become famous, have strong secondary meaning, and are associated in the mind of the consuming public with a single source, namely Empire.

11.     Empire has obtained several trademark registrations for several of its EMPIRE marks in the United States Patent and Trademark Office.  (Copies of the registration certificates of each of the marks, detailed below, are attached hereto as composite **Exhibit A**).  Such registrations include, but are not limited to, the following:

| MARK | REG NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| EMPIRE | 2516389 | 12/11/01 | Telephone shop-at-home services in the field of carpeting; installation of carpets. |
| EMPIRE CARPET | 3090137 | 5/9/06 | Shop-at-home services in the fields of carpeting, flooring, window treatments, and bath and shower liners; installation services in the fields of carpeting, flooring, window treatments, and bath and shower liners. |
| EMPIRE TODAY | 3559912 | 1/13/09 | Shop-at-home services in the fields of carpeting, flooring, window treatments, and bath and shower liners; installation services in the fields of carpeting, flooring, window treatments, and bath and shower liners. |
| EMPIRE TODAY & Design | 3671527 | 8/25/09 | Shop-at-home services in the fields of carpeting, flooring, window treatments, and bath and shower liners; installation services in the fields of carpeting, flooring, window treatments, and bath and shower liners. |
| EMPIRETODAY.COM | 3917495 | 2/8/11 | Shop-at-home services in the fields of carpeting, hard surfaces flooring, and window |

3

| | | | |
|---|---|---|---|
| | | | treatments; Installation services in the fields of carpeting, hard surfaces flooring, and window treatments. |
| EMPIRE TODAY, CARPET TOMORROW | 1666975 | 12/3/91 | Retail carpet store services; carpet installation services. |

Each of the above Empire trademark registrations is now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). As such, those registrations serve as **conclusive** evidence of the validity of the EMPIRE Marks and of the registration of these Marks, of Empire's ownership of these Marks, and of Empire's exclusive rights to use these Marks in U.S. commerce.

12. As a result of the extensive use and promotion by Empire of the EMPIRE Marks, Empire now owns valuable goodwill, which is symbolized by said name and marks, and the use of the EMPIRE Marks substantially increases the value of Empire's business and the salability of its Flooring Services.

II. <u>Unauthorized Use of the EMPIRE Marks by Defendant</u>

13. Long after Empire acquired fame in its EMPIRE Marks, as well as the issuance of the above-mentioned registrations to Empire, Defendant began using certain of the EMPIRE Marks, in interstate commerce, in connection with Defendant's own carpet and flooring installation and maintenance business by adopting the trade name and mark EMPIRE CARPET AND FLOORING INC. (the "**Infringing Mark**").

14. Upon information and belief, Defendant operates the web site available at URL http://www.empirecarpetandflooring.com (the "**Infringing Site**"). The Infringing Site has the domain name <empirecarpetandflooring.com> (the "**Infringing Domain**"). (A true and correct copy of the "Who Is" report from www.whois.com, accessed on February 24, 2017, is attached

4

hereto at **Exhibit B**).  The domain name registrar for the Infringing Domain is Wild West Domains, LLC.

15. The Infringing Mark not only forms the basis for the Infringing Domain, but it is also depicted prominently in multiple places on the Infringing Site, for example, as follows:



(A screen capture of the home page of the Infringing Site, as it appeared on February 24, 2017, is attached hereto as **Exhibit C**).

16. Upon information and belief, Defendant also operates a Facebook page for Empire Carpet & Flooring and depicts the Infringing Mark on that Facebook page as well as on his personal Facebook page (hereinafter collectively referred to as the "**Infringing Facebook Pages**").  (Screen captures of the Infringing Facebook Pages, as they appeared on February 13, 2017, are attached hereto as **Exhibit D**).

5

17. Upon information and belief, Defendant also displays the Infringing Mark on a van that Defendant uses to conduct the business of Empire C&F, and this van is sometimes parked outside Defendant's residence in Flushing, New York.  (*See* **Exhibit E**).

18. In accordance with 15 U.S.C. § 1072, Empire's federal trademark registrations, including the Incontestable Marks, served as constructive notice to Defendant of Empire's rights in and to the EMPIRE Marks.

19. In addition, Defendant is well aware of Empire's existence and has actual notice of Empire's rights in and to the EMPIRE Marks.  In fact, this is not the first time that Empire has crossed paths with Defendant and his infringing behavior.  In the spring of 2012, Empire became aware of Defendant's use of the Infringing Mark on the Infringing Site, and promptly sent a cease-and-desist letter to Defendant.  In its letter, Empire demanded that Defendant immediately discontinue his infringing use of the EMPIRE Marks.

20. In response, counsel for Empire received an email on March 20, 2012.  The email was unsigned, but it indicated that it had been sent by "Ace Bar" from the email address "[empirecarpetny@gmail.com.](mailto:empirecarpetny@gmail.com)"  That email address was listed at the time in the Infringing Domain's "Who Is" information as belonging to Defendant, and, upon information and belief, the March 20th email received by Empire was authored by Defendant.  In his response, Defendant indicated that Empire C&F had "been dissolved" the previous week and was "no longer in business."

21. In the weeks thereafter, the Infringing Domain remained active and the website hosted at the Domain remained available to the public.  On May 7, 2012, Empire sent Defendant a follow-up letter.  In that letter, Empire noted the continuing operability of the Infringing Site and demanded that Defendant (a) transfer ownership of the Infringing Domain to it and (b) sign a

6

brief declaration attesting to the fact that he was no longer doing business as Empire C&F. Empire requested a response by May 18, 2012.

22. Empire received no response to its follow-up letter, either before or after May 18, 2012. At the time, however, the Infringing Domain was set to expire (and did, in fact, expire) on May 29, 2012.

23. In August 2016, Empire learned that Defendant had reinstated the Infringing Domain. In response, counsel for Empire promptly sent Defendant a cease-and-desist letter. In its August 2016 letter, Empire again demanded that Defendant immediately discontinue his infringing use of the EMPIRE Marks. (A true and correct copy of the aforementioned 2012 and 2016 correspondence is attached hereto as **Exhibit F**).

24. To date, Defendant has taken no action to discontinue his infringing conduct.

25. Defendant's unauthorized use of the Infringing Marks is willful, deliberate, and done with an intent to trade upon the fame and goodwill represented by the EMPIRE Marks, to improperly suggest or imply the existence of an affiliation or license between Defendant and Empire, to dilute the distinctiveness of the EMPIRE Marks, and to mislead and confuse actual and potential consumers. Defendant's willingness to deceive is further evidenced by the false claims he made in his March 20, 2012, email to Plaintiff regarding his cessation of operations as Empire C&F.

26. Without the consent or authorization of Empire, and, in fact, against Empire's specific and repeated demands to cease and desist, Defendant has used the Infringing Marks and Infringing Domain in connection with the offering of carpet and hard-surfaces flooring installation and maintenance services, as well as for the sale of window treatments.

27. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion in the mind of ordinary consumers with respect to Empire's carpet, hard-surfaces flooring, and window-treatment services.

## COUNT I

**Federal Trademark Infringement**
**15 U.S.C. § 1114**

28. Empire realleges and incorporates by reference the allegations contained in paragraphs 1-25 of this Complaint, as though fully stated herein.

29. Defendant's unauthorized uses of the Infringing Marks are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's services, and falsely and deceptively represent Defendant's services as being sponsored, authorized, or provided by Empire, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant committed his wrongful actions with the intent to mislead and misdirect consumers.

31. This is an exceptional case and Empire is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

32. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendant's wrongful acts.

## COUNT II

**Federal Unfair Competition/False Designation of Origin**
**15 U.S.C. § 1125(a)**

33. Empire realleges and incorporates by reference the allegations contained in paragraphs 1-30 of this Complaint, as though fully stated herein.

34. Section 1125(a)(1)(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin,

>> false or misleading description of fact, or false or misleading representation of fact, which —
>>
>>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person….

35. Defendant's unauthorized uses of the Infringing Marks falsely suggests that his business is associated with Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's unauthorized use of the Infringing Marks throughout his marketing cause consumers to think that Defendant is affiliated with or sponsored by Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendant's wrongful acts.

## COUNT III

### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

38. Empire realleges and incorporates by reference the allegations contained in paragraphs 1-35 of this Complaint, as though fully stated herein.

39. Defendant's unauthorized use of the Infringing Marks dilutes the distinctive quality of the famous EMPIRE Marks, and Defendant has willfully intended to trade on Empire's reputation and goodwill and to dilute the distinctiveness of said marks, all in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

40. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendant's wrongful acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Empire Today, LLC asks this Court to enter judgment in its favor against the Defendant as follows:

A. For a permanent injunction restraining Defendant from the unlawful, unfair, fraudulent, deceptive and misleading acts and conduct set forth above, and enjoining Defendant from using any mark, slogan, Internet domain name, trade name, business name, or other device that infringes (*i.e.*, is confusingly similar to) the EMPIRE Marks for any purpose—including, but not limited to, use in connection with any website or the sale or advertisement of any product or service;

B. For an order directing Defendant to file with this Court and serve on Empire, within three (3) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendant have complied with the injunction pursuant to 15 U.S.C. § 1116;

C. For an order requiring Defendant and all those in privity with him to surrender for destruction all materials incorporating or reproducing Plaintiff's EMPIRE Marks pursuant to 15 U.S.C. § 1118;

D. For an order requiring Defendant, in accordance with 15 U.S.C. § 1125(d), to forfeit and transfer all rights in the Infringing Domain, <empirecarpetandflooring.com> to Empire, as well as any other domain owned or controlled by Defendant that incorporates the word "empire," and deliver to Empire all documents evidencing ownership of such domain names;

E. For an accounting of the gains and profits realized by Defendant from his wrongful acts of false designation of origin, infringement, and dilution, and recovery of all actual damages suffered and sustained by Empire as a result of Defendant's aforesaid wrongful acts, as

well as payment for the costs of this action and prejudgment interest, pursuant to 15 U.S.C. § 1117;

  F. For statutory damages, actual damages, and increased and punitive damages as allowed by the law—including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117;

  G. For Empire's costs and expenses, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and prejudgment interest at the maximum legal rate; and

  H. For such other and further relief as may be just and equitable.

Dated: New York, New York      **BAKER & HOSTETLER LLP**
   February 24, 2017

                   By: /s/ Torello Calvani
                     Torello Calvani
                     45 Rockefeller Plaza
                     New York, New York  10111
                     Telephone: (212) 589-4200
                     Facsimile: (212) 589-4201
                     Email: tcalvani@bakerlaw.com
                     Counsel for Plaintiff Empire Today, LLC