# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Agreement**") is entered into this 21 day of O4 2017, between Assaf Barzilay, on behalf of himself and any and all former, present and future insurers, reinsurers, agents, assigns, heirs, representatives, predecessors, successors and legal representatives, including, without limitation Empire Carpet & Flooring (hereinafter collectively referred to as "**Barzilay**"); and Empire Today, LLC, 333 Northwest Avenue, Northlake, Illinois 60164, on behalf of itself and any and all former, present and future parents, subsidiaries and/or affiliates, whether direct or indirect, and any and all former, present and future officers, owners, directors, members, managers, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors and legal representatives (hereinafter collectively referred to as "**Empire**"). Barzilay and Empire are sometimes hereinafter collectively referred to as the "**Parties**."

## RECITALS

WHEREAS, Empire filed a lawsuit against Barzilay in the United States District Court for the Southern District of New York, captioned as *Empire Today, LLC v. Assaf Barzilay*, Case No. 1:17-cv-01418 (JMF), asserting claims against Barzilay for federal trademark infringement, unfair competition, trademark dilution, and cybersquatting in violation of the Lanham Act (the "**Lawsuit**");

WHEREAS, Barzilay acknowledges using the "**EMPIRE Marks**" (as that term is defined in the Amended Complaint in the Lawsuit) as part of his purported carpet and flooring business;

WHEREAS, Barzilay represents and warrants that he is no longer operating a carpet and flooring business;

WHEREAS, Barzilay further represents and warrants that, following the filing of the original Complaint in this Lawsuit, he disabled the domain empirecarpetandflooring.com, which he operated in conjunction with his carpet and flooring business;

WHEREAS, the Parties have reached agreement on a settlement of the Lawsuit;

WHEREAS, the Parties desire to settle their differences and to resolve all matters and disputes relating to the Lawsuit and its underlying facts.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, releases, representations, and obligations set forth below, the Parties hereby agree to resolve the Lawsuit as follows:

1. **Release by Empire.** Empire agrees not to sue and forever releases and discharges Barzilay, and his former, present and future insurers, reinsurers, agents, assigns, representatives, predecessors, successors and legal representatives from any and all claims, demands, actions, causes of action, debts, accounts, accounting, and any other action or claim, either legal or equitable, known or unknown, which Empire has, might have, or could hereafter

have on account of any matter or thing arising out of the facts alleged in the Lawsuit (but not including any breach of this Agreement by Barzilay). Notwithstanding the foregoing, nothing in this Agreement shall interfere or waive Empire's ability to enforce the terms of this Agreement or the terms of any consent decree or injunction entered by the Court in the Lawsuit.

2. <u>Release by Barzilay</u>. Barzilay agrees not to sue and forever releases and discharges Empire, and its former, present and future parents, subsidiaries and/or affiliates, whether direct or indirect, and any and all former, present and future officers, owners, directors, employees, insurers, reinsurers, agents, assigns, representatives, predecessors, successors and legal representatives from any and all claims, demands, actions, causes of action, debts, accounts, accounting, and any other action or claim, either legal or equitable, known or unknown, which Barzilay has, might have, or could hereafter have on account of any matter or thing arising out of the facts alleged in the Lawsuit.

3. <u>Barzilay's Discontinuance of the Use of the Empire Marks</u>. Barzilay, along with his agents, representatives, heirs, servants, employees, attorneys, successors, and assigns, and all other persons or parties under his control or in active concert or participation with him, agrees to immediately refrain from using any mark, slogan, Internet domain name, trade name, business name, or other device that infringes (e.g., is confusingly similar to) the EMPIRE Marks for any purpose, including but not limited to use in connection with any website or the sale or advertisement of any product or service.

4. <u>Barzilay's Transfer of the Infringing Domains</u>. Within seven (7) calendar days after both Parties execute this Agreement, Barzilay shall:

   a. forfeit, and transfer to Empire, all rights in empirecarpetandflooring.com as well as any other domain owned or controlled by Barzilay that incorporates the word "Empire," including any such social media pages (Facebook, etc.) (collectively, the "**Infringing Domains**"), and

   b. deliver to Empire all documents evidencing ownership of the Infringing Domains.

5. <u>Irreparable Harm</u>. Barzilay agrees that a breach of this Agreement would result in irreparable harm to Empire and would entitle Empire to entry of an injunction to prohibit such breach, without the need to post bond.

6. <u>Agreed Consent Decree and Permanent Injunction</u>. Within seven (7) calendar days after Barzilay complies with his obligations under Paragraphs 3 and 4 of this Agreement (or sooner, at the sole discretion of Empire, so long as both Parties have executed this Agreement), the Parties shall file a joint agreed motion (or Empire shall file an unopposed motion) in the form attached hereto as **Exhibit A** with the Court, seeking entry by the Court of a consent decree and permanent injunction in the form attached hereto as **Exhibit B**. In the event the Court denies the motion or refuses to enter the proposed consent decree and permanent injunction, the parties agree that this Agreement (including Paragraphs 3, 4, and 5 of this Agreement) will remain in full force and effect.

7. **Nature of the Release and this Agreement.** The Parties expressly agree that this Agreement and the release provided herein is intended to be as broad and inclusive as possible under the laws of the State of Illinois.

8. **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement shall be prohibited or found to be invalid under applicable law, the other provisions shall remain fully valid and enforceable.

9. **No Admission.** The Parties, by agreeing to this Agreement, deny liability of any and every sort, and further state that this Agreement is made as a compromise solely to avoid further expense and to terminate all controversies and/or claims for injuries or damages of whatsoever nature, known or unknown.

10. **Final Compromise.** The exchange of consideration set forth in this Agreement is in mutual, full and final accord, satisfaction and compromise of all matters in dispute between the Parties, whether known to the Parties at the time of the execution of this Agreement or not, and which relate in any manner to the Lawsuit or its underlying facts.

11. **Entire Agreement.** The Parties acknowledge that this writing is their entire agreement and that promises or covenants not set forth or referred to herein have not been relied upon by them in entering into this Agreement. This Agreement cannot be modified unless such modification shall be made in writing and signed by the Parties. This Agreement shall be construed without regard to any presumption or any other rule requiring construction against the Party who caused it to be drafted. Faxed executed copies and counterparts to this Agreement shall be considered as originals. In the event Barzilay breaches this Agreement, and Empire prevails in any action brought as a result of such breach, Empire shall be entitled to recover its court costs and reasonable attorneys' fees.

12. **Representative Capacity.** Each person signing this Agreement on behalf of a Party, personally warrants to all other Parties that such person is fully authorized to execute this Settlement Agreement on behalf of such represented Party and such execution is fully binding on such Party. The Parties signing this Agreement represent that they have read the terms of this Agreement, and that they fully understand the terms of this Agreement, that they have full authority to settle and release all claims referred to in this Agreement, and that they have entered into this Agreement voluntarily and with full knowledge of the effect thereof.

13. **Governing Law.** This Agreement shall be interpreted, and the rights and liabilities of the Parties hereto determined in accordance with, the laws of the State of Illinois.

14. **Confidentiality.** This Agreement and its terms shall remain confidential by and between the Parties unless otherwise required by law.

15. **Costs and Fees.** It is expressly understood and agreed between the Parties that each party is responsible for its own attorney's fees and court costs.

16. **Counterparts; Facsimile; Signatures.** This Agreement may be executed, either by hand or electronically, in counterparts, each of which is an original and all of which constitute one and the same document. It is not necessary in making proof of this Agreement to produce or

3

account for more than a single counterpart containing the respective signatures and acknowledgements of, or on behalf of, Empire and Barzilay. The Parties agree that signatures transmitted electronically, whether sent via facsimile or as attached files (e.g., .PDF), shall be acceptable to bind the Parties, and shall not in any way affect this Agreement's validity.

    IN WITNESS HEREOF, the undersigned parties have executed this Settlement Agreement and Release as of the dates set forth by their signatures, having read and fully understood the foregoing document.

ASSAF BARZILAY                                EMPIRE TODAY, LLC

_____                _____

Dated:_____               Dated:_____

acknowledged by the Parties. Signatures transmitted electronically, whether sent via facsimile or as attached files (e.g., .PDF), shall be acceptable to bind the Parties, and shall not in any way affect this Agreement's validity.

IN WITNESS HEREOF, the undersigned parties have executed this Settlement Agreement and Release as of the dates set forth by their signatures, having read and fully understood the foregoing document.

ASSAF BARZILAY

_____
Dated: 04-21-17

EMPIRE TODAY, LLC

_____
Dated: 4/24/17

# EXHIBIT A

## (to the Settlement Agreement and Release)

# Not Applicable & Omitted

# EXHIBIT B

## (to the Settlement Agreement and Release)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EMPIRE TODAY, LLC,** a Delaware limited liability company, <br><br> Plaintiff, <br> v. <br><br> **ASSAF BARZILAY,** a New York resident, d/b/a Empire Carpet and Flooring**.** <br><br> Defendant. | Civil Action No. 1:17-cv-01418 (JMF) <br><br> **JURY TRIAL DEMANDED** |

## [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION

BE IT REMEMBERED on this day the Court reviewed the file in this action, and, specifically, the parties' Joint Motion For Entry of Consent Decree (Dkt. # ____).  Having reviewed the documents, the pleadings, the relevant law, the file as a whole, and the parties' Settlement Agreement and Release, the Court, having considered the same, and consistent with the parties' settlement in which they agreed to the entry of a consent decree and injunctions, now enters the following orders with respect to Defendant Assaf Barzilay.

In accordance with the foregoing, IT IS ORDERED that:

1.     Based on the allegations in Empire's Amended Complaint (which have not been disputed by Defendant), Defendant has used and is using the EMPIRE Marks as part of his purported carpet and flooring business.  So long as Defendant continues to operate his business, website, and social media pages using the EMPIRE Marks, there is potential for future harm and, therefore, no adequate remedy at law.  Also, based on the allegations in Empire's Amended Complaint (which have not been disputed by Defendant), Defendant has on prior occasions promised to refrain from the infringing activity only to later recommence the activity.  As such, the Court finds that entry of the injunction herein is reasonable and necessary to avoid irreparable injury.  It is also in the public's interest to issue an injunction in order to prevent consumers from being misled.  In balancing the hardships between each party, Defendant faces

no hardship from refraining from willful trademark infringement, whereas Empire faces hardship from the loss of sales and damages to its public reputation.

2. Defendant, along with his agents, servants, employees, attorneys, successors, and assigns, and all other persons or parties in active concert or participation with him, is hereby **PERMANENTLY ENJOINED** from using any mark, slogan, Internet domain name, social media account, trade name, business name or other device that utilizes (i.e., is confusingly similar to) the "**EMPIRE Marks**" (as that term is defined in the Amended Complaint in this action) or any marks likely to cause confusion with the EMPIRE Marks for any purpose—including, but not limited to, for us in connection with any website, or the sale or advertisement of any product or service.

3. Defendant is **ORDERED** to surrender for destruction all materials incorporating or reproducing Plaintiff's EMPIRE Marks or any marks likely to cause confusion therewith, pursuant to 15 U.S.C. § 1118.

4. Defendant is **ORDERED**, in accordance with 15 U.S.C. § 1125(d), to forfeit and transfer all rights in the domain empirecarpetandflooring.com to Empire (and any other domain owned or controlled by Defendant that incorporates the word "Empire," including any social media pages (Facebook, etc.) and deliver to Empire any documents evidencing ownership of such domains.

5. It is further **ORDERED** that this Court retains jurisdiction to enforce the Permanent Injunction entered in the above paragraphs.

So ORDERED on this _____ day of _____, 2017

_____
Honorable Jesse M. Furman
United States District Judge